**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MICHAEL EUGENE GRICE, a/k/a
Michael Ray Jones,
          *Defendant-Appellant.*

No. 01-5015

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-01-196)

Submitted: June 19, 2002

Decided: July 3, 2002

Before WIDENER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

William F. Nettles, IV, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant. Rose Mary Parham, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

<hr>

## OPINION

PER CURIAM:

Michael Eugene Grice was convicted of being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West 2000), and was sentenced as an armed career criminal to 188 months in prison. *See* 18 U.S.C.A. § 924(e)(1) (West 2000); *U.S. Sentencing Guidelines Manual* § 4B1.4(b)(3)(A) (2000). Grice now appeals. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one ground for relief but stating that, in his view, there are no meritorious grounds for appeal. Grice was advised of his right to file a pro se brief, but has not filed such a brief. We affirm.

The sole issue raised by counsel is that the district court did not comply with Fed. R. Crim. P. 11(c) because the court did not explain the effect of supervised release to Grice. The court informed Grice that he was subject to a supervised release term of five years and explained that parole had been abolished. However, the court did not tell Grice that if he violated the terms of his supervised release, he was subject to an additional period of incarceration.

Grice was exposed to a maximum term of life in prison. *See* 18 U.S.C.A. § 924(e)(1). The total sentence he received was 248 months (188 months in prison; sixty months on supervised release)—less than the life sentence to which he was subject. We have held on similar facts "that failure to discuss the nature of supervised release is harmless error if the combined sentence of incarceration and supervised release actually received by the defendant is less than the maximum term he was told he could receive." *United States v. Good*, 25 F.3d 218, 220 (4th Cir. 1994). We conclude that the error in this case, as in *Good*, was harmless.

As required by *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore

affirm Grice's conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not significantly aid the decisional process.

*AFFIRMED*